People v Brown (2018 NY Slip Op 08679)





People v Brown


2018 NY Slip Op 08679


Decided on December 19, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 19, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
BETSY BARROS, JJ.


2015-00491
 (Ind. No. 1420/11)

[*1]The People of the State of New York, respondent,
v
Corey Brown, appellant.


Paul Skip Laisure, New York, NY (Alice R. B. Cullina of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (Eric C. Washer of counsel; Deanna Russo on the memorandum), for respondent.



DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Queens County (Richard Buchter, J.), imposed January 5, 2015, upon his plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
"A defendant's valid waiver of the right to appeal includes waiver of the right to invoke the Appellate Division's interest-of-justice jurisdiction to reduce the sentence" (People v Lopez, 6 NY3d 248, 255). However, under the circumstances of this case, the defendant's purported waiver of his right to appeal was invalid (see People v Bradshaw, 18 NY3d 257, 264; People v Martin, 162 AD3d 793). In light of the defendant's age, limited education, and reported mental health issues, the record does not demonstrate that the defendant grasped the concept of the appeal waiver and the nature of the right he was forgoing, including the distinction between the right to appeal he was asked to give up as a condition of his plea agreement and other trial rights he automatically forfeited on his plea of guilty (see People v Fuller, 163 AD3d 715; People v Richardson, 128 AD3d 735). Since the defendant's purported appeal waiver was invalid, this Court is not precluded from exercising its interest-of-justice jurisdiction.
However, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
LEVENTHAL, J.P., CHAMBERS, COHEN and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court